UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA NARANJO o/b/o J.N,

     Plaintiff,

v.                         Case No.:  8:22-cv-1440-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Martha Naranjo on behalf of J.N. ("Child") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    **Standard of Review, Procedural History, and the ALJ's Decision**

### A.    **Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a

scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Social Security Act provides that an individual under the age of 18 will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). Child disability claims are assessed under a three-step sequential analysis. 20 C.F.R. § 416.924(a). Under this evaluation process, the ALJ determines: (1) whether the child is engaging in substantial gainful activity; (2) whether the child's physical or mental impairment or combination of impairments are severe; and (3) whether an impairment or impairments meet, medically equal, or functionally equal the listings. *Id.*

A child's limitations meet a listing if the child actually suffers from the limitations in a listing. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). To medically equal a listing, the child's impairment must be at least of "'equal medical significance to those of a listed impairment.'" *Id.* (citing 20 C.F.R. § 416.926). Even if the ALJ finds a child's impairments are not comparable to a listing, the ALJ may still find that those limitations are "functionally equivalent" to those in a listing. *Id.* To determine whether a limitation is functionally equivalent, an ALJ assesses the degree to which these limitations interfere with a child's normal life activities in these six major domains of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* (citing 42 U.S.C. § 416.926a(b)(1).

To functionally equal a listing, an impairment must result in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation is defined as seriously interfering with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "'more than moderate'" but "'less than extreme.'" *Id.* An "extreme" limitation means a child's impairment very seriously interferes with his or her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). "Extreme" limitation also means a limitation that is "'more than marked'" and is given to the worst limitation. *Id.* In making all these determinations, the ALJ must evaluate the "whole child," meaning considering the child's functioning in all settings compared to other children of the same age who do not have impairments. SSR 09-1p, 2009 WL 396031.

When considering a child's limitations, the ALJ must evaluate any limitation in functioning that results from symptoms, including pain. 20 C.F.R. § 416.924(a). So along with considering the objective evidence, the ALJ must also consider a child's subjective complaints and if they can reasonably be accepted as consistent with the objective and other medical evidence. 20 C.F.R. § 416.929(a). Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir.

2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are

the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

### B.   Procedural History

Plaintiff applied for supplemental security income benefits on behalf of J.N. on June 21, 2019, alleging disability beginning on September 13, 2009. (Tr. 62, 211-220). The application was denied initially and on reconsideration. (Tr. 62, 72). Plaintiff requested a hearing and on August 3, 2021, a hearing was held before Administrative Law Judge ("ALJ") John Dawkins. (Tr. 38-53). On December 15, 2021, the ALJ entered a decision finding Plaintiff not under a disability since June 21, 2019, the date the application was filed. (Tr. 21-33).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on April 20, 2022. (Tr. 1-7). Plaintiff began the instant action by Complaint (Doc. 1) filed on June 24, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

### C.    Summary of ALJ's Decision

In the decision, the ALJ determined that the Child had not engaged in substantial gainful activity since June 21, 2019, the application date. (Tr. 24). The ALJ found the Child had the severe impairment of dermatitis. (Tr. 24). He then determined that the Child did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). (Tr. 24). The ALJ also found that Plaintiff did not have any impairment or combination of impairments that functionally equals the severity of the listings. (Tr. 24). In making this finding and after considering all the evidence of record, the ALJ determined that the Child had no limitation in acquiring and using information, in attending and completing tasks, in moving about and manipulating objects, and in caring for himself. (Tr. 27-32). The ALJ also found that the Child had less than marked limitation in interacting and relating with others, and in health and physical well-being. (Tr. 30-33). The ALJ concluded that the Child had not been under a disability since June 21, 2019, the date the application was filed. (Tr. 33).

### II.    Analysis

On appeal, Plaintiff argues that the ALJ's decision was in error in failing to find that the Child's limitations met Listing 108.05 and in failing to fully and fairly develop the record. (Doc. 18, p. 8). Plaintiff contends that this claim was handled

more quickly than normal and, as a result, the State agency medical consultants did not have more recent medical records to form their opinions. (Doc. 18, p. 9). Plaintiff then summarized the medical records after the initial and reconsideration decisions, and argues that these records along with the mother's testimony, "suggest there is at least a reasonable probability the claimant would have been found to meet Listing 108.05, had a medical opinion been obtained." (Doc. 18, p. 9).

A plaintiff bears the burden of proving he is disabled and is responsible "for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Even so, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Id. See* 20 C.F.R. § 416.945(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources.").[1]

While an ALJ has this duty, he "is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*,

---

[1] When a claimant is not represented at a hearing and has not waived her right to representation, then the ALJ has a "special duty" to develop the record. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). In this case, Plaintiff was represented by counsel at the hearing and thus the ALJ only had a basic duty to develop the record. (Tr. 38-53).

496 F.3d 1253, 1269 (11th Cir. 2007). Further, the ordering of a consultative examination is a discretionary matter for the ALJ and should be sought "'to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision' on the claim." *Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 713 (11th Cir. 2017) (quoting 20 C.F.R. § 416.919a(b)).

In order to justify a remand on this basis, a plaintiff must show that her right to due process has been violated to such an extent that the record contains evidentiary gaps, which resulted in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018). That said, a mere lack of a consultative examination is inadequate to meet a plaintiff's burden to establish prejudice. *Henderson v. Comm'r of Soc. Sec.*, 353 F. App'x 303, 305 (11th Cir. 2009) (finding that the plaintiff did not explain how the absence of certain evidence precluded the ALJ from making an informed decision, nor did the plaintiff explain how such an assessment would have affected the ALJ's overall disability determination).

In this case, Plaintiff argues that the ALJ should have ordered a consultative examination to show the Child's limitations met Listing 108.05. The burden lies with Plaintiff to show that the Child has an impairment that meets or medically equals a listed impairment. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 741 (11th Cir. 2008). For an impairment to meet a listing, a plaintiff must show that it

meets *all* the specified medical criteria. *Bailey v. Soc. Sec. Admin., Comm'r*, 782 F. App'x 838, 840 (11th Cir. 2019) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). If an impairment meets only some criteria, then it will not qualify, no matter the severity of the impairment. *Id.* To meet a listing, a plaintiff must have a diagnosis included in a listing and provide medical reports documenting that the conditions meet the specific criteria of a listing and the duration requirement. *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)). If a plaintiff satisfies all of the criteria of a listing, then she is considered disabled. *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (citing 20 C.F.R. § 416.920a)(4)(iii), (d).

Listing 108.05 defines dermatitis as having extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 108.05. The listings define "extensive skin lesions:

> Extensive skin lesions are those that involve multiple body sites or critical body areas, and result in a very serious limitation. Examples of extensive skin lesions that result in a very serious limitation include but are not limited to:
>
> a. Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.
>
> b. Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.
>
> c. Skin lesions on the soles of both feet, the perineum, and both inguinal areas that very seriously limit your ability to ambulate.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 108.00C1.

The more recent medical evidence as summarized by Plaintiff shows that the Child has atopic dermatitis on the face, arms, and legs, which at times presents as scaley, itchy skin, and lesions. (Doc. 18, p. 10-11). The evidence also shows some improvement with medications. (Doc. 18, p. 101-11). But other than Plaintiff simply stating that "it is apparent" that the Child's skin lesions are extensive, Plaintiff submits no evidence that these problems rise to the level of "extensive skin lesions" as defined in Listing 108.05. Plaintiff has not referred to any medical or other evidence that shows that the Child's skin lesions limit the use of any extremity, are on the palms of both hands such that they limit his fine and gross motor movements, are on the soles of both feet, the perineum, and both inguinal areas that limit his ability to ambulate or that he has any other "very serious limitation." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 108.00C1.

Without some evidence that the Child could meet, equal, or functionally equal Listing 108.05, Plaintiff has not shown an evidentiary gap in the medical records that resulted in clear prejudice or unfairness to require the ALJ to order a consultative examination. The ALJ discussed the medical records from before and after the initial and reconsideration decisions. (Tr. 26). Again, Plaintiff has not referred to any medical or other evidence that shows that the Child met, equaled, or functionally equaled Listing 108.05. The ALJ specifically found that Plaintiff had no limitations

in moving about and manipulating objects and Plaintiff has not referred to any medical evidence showing any limitation in his physical abilities due to dermatitis. (Tr. 31). The ALJ noted that Plaintiff was able to go to school and to play sports. (Tr. 31).

Moreover, Plaintiff was represented by counsel at the hearing, but counsel did not request a consultative examination at that time. (Tr. 38-53). Counsel also indicated that the record was complete except for some school records. (Tr. 42-43). For all of these reasons, substantial evidence supports the ALJ's decision that the Child did not meet, equal, or functionally equal Listing 108.05 and the ALJ did not err in failing to fully and fairly develop the record further or in failing to order a consultative examination.

### III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 14, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties